IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE P. VARGO, CC-8008, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:04-cv-1164 |
| | ) | |
| MELISSA HAINSWORTH, et al., | ) | |
| Respondents. | ) | |

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the Rule 60(b)(6) motion (ECF No.23), submitted by George P. Vargo treated as a successive habeas corpus petition be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

George P. Vargo an inmate at the State Correctional Institution at Somerset has presented a Rule 60(b) motion seeking to reopen the judgment on the merits entered on November 1, 2004 (ECF No. 17), for which a certificate of appealability was denied by the Court of Appeals, and certiorari was denied by the United States Supreme Court.[1]

He now returns to this Court with the instant motion in support of which in addition to some scurrilous allegations, he contends he is entitled to relief on the follow grounds:

1. The dismissal of his original petition was based on fraud perpetrated on this Court regarding a violation of his Sixth Amendment Right to [Trial] Counsel of his own choosing.
2. He possesses additional exculpatory evidence which was not allowed at his trial.
3. He was denied a hearing on his federal petition.

Rule 60(b) requires that a motion for relief from judgment "be made within a reasonable time" and for reasons of mistake, inadvertence, surprise, excusable neglect, the discovery that

---

[1] See: Motion at pp.3-4 as well as Reproduced Record at pp.64A-67A.

could not have been secured within time to move for a new trial, fraud or that the judgment is void or has been satisfied. None of these are applicable here despite petitioner's protests to the contrary.

In Gonzalez v. Crosby, 125 S.Ct. 2641, 2647-2648 (2005), the Court wrote:

Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated. Even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissible circumvent the requirements that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive petition bar.

In the present "motion" Vargo is merely attempting to circumvent the successive petition prohibition of the Antiterrorism and Effective Death Penalty Act by unsupported allegations that fraud was committed on this Court during the original proceedings. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing.  The relevant amended language provides as follows:

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or

successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

For this reason, it is recommended that the Rule 60(b) motion submitted by George P. Vargo, treated as a successive petition for relief without prior authorization of the Court of Appeals, be dismissed.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Filed: February 1, 2018

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge